UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:02-CR-22 |
| | ) | Civ. No. 2:12-cv-346 |
| ANGELO HINSON | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Angelo Hinson ("Hinson") has filed (1) a Motion for Reconsideration [Doc. 196] of the Court's order denying his § 3582 motion,[1] (2) a Motion for Reconsideration, [Doc. 198], of the Court's order denying the appointment of counsel,[2] and (3) a Motion to Vacate under 28 U.S.C. § 2255, [Doc. 204]. The Government has filed a response, [Doc. 217], to which Hinson has replied, [Doc. 222]. The matter is now ripe for the Court's consideration.

For the reasons stated herein, the Court DENIES Hinson's Motion for Reconsideration, [Doc. 196], GRANTS Hinson's Motion to Appoint the Federal Defender Services, [Doc. 198], and GRANTS IN PART Hinson's Motion under § 2255, [Doc. 204], reducing his term of supervised release to five years.

**I.  PROCEDURAL HISTORY**

On May 5, 2003, Hinson pled guilty to a conspiracy to distribute and possess with the intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) [Doc. 91, Courtroom Minutes; Doc. 92, *Plea Agreement;* Doc. 129, *Judgment*]. The Presentence Report ("PSR") found Hinson responsible for at least

---

[1] Doc. 195.
[2] Doc. 193.

1.91 kilograms of crack cocaine, which yielded a base offense level of 38 [PSR ¶¶ 16, 20, 21].  After reducing his offense level by three levels for acceptance of responsibility, and with a criminal history category III, the PSR determined Hinson's Guideline Range to be 210 to 262 months' imprisonment. *Id.* at ¶¶ 38, 58.  Because Hinson had a 1999 drug conviction from North Carolina, which at the time was considered a felony, Hinson faced a statutory twenty-year mandatory minimum term of imprisonment.[3]  Based on this minimum sentence, Hinson's Guideline Range was 240-262 months' imprisonment.  The Court sentenced Hinson to the mandatory minimum sentence of 240 months' imprisonment [Doc. 129, *Judgment*].  The Government later filed a Rule 35 motion, based on Hinson's substantial assistance, and the Court on June 14, 2005, reduced Hinson's sentence to 180 months' imprisonment [Doc. 144, *Order*].

Hinson then sought to avail himself of the remedies available in 2008 under § 3582(c) and Guidelines Amendment 706 by requesting the Court to reduce his sentence given the reduced base offense levels for most offenses involving crack cocaine [Doc. 166, 169].  This Court denied Hinson's motions because the guideline amendments had no effect upon those subject to statutory mandatory minimum terms of imprisonment [Doc. 188, *Order*].

In 2011, Hinson filed another § 3582 motion, this time citing Guidelines Amendment 750 [Doc. 192].  At this time, Hinson argued that he was no longer subject to the 20 year minimum mandatory punishment in light of *United States v. Simmons*, 649 F.3d 327 (4th Cir. Aug. 17, 2011)(en banc) and its interpretation of *Carachuri-Rosendo v.*

---

[3] The Government had timely filed a notice under 21 U.S.C. § 851, [Doc. 69], which subjected Hinson to the enhanced punishment of a minimum of 240 months. Otherwise Hinson was facing a ten-year mandatory minimum sentence.

2

*Holder*, 130 S.Ct 2577 (2010) [Doc. 192]. Again, on March 14, 2012, this Court denied Hinson's motion [Doc. 192] on the grounds that *Carachuri-Rosendo* did not apply retroactively on collateral review to matters such as Hinson's [Doc. 195, *Order*].

In response to that Order [Doc. 195], on March 23, 2012, Hinson filed a Motion for Reconsideration [Doc. 196] to which the Government responded [Doc. 197]. Hinson argued that "the § 3582(c) relief should have been granted … or alternatively held in abeyance pending final disposition of a forthcoming § 2255 pleading to preserve the *Simmons* issue…." [Doc. 196, at p. 1]. The Government argued that the motion should be denied because Hinson's *Simmons* claim is not cognizable under § 3582, but acknowledged that it could be under § 2255. Hinson then filed this petition under § 2255 asking this Court to vacate his sentence based on his *Simmons* claim.

**II.   HINSON'S 28 U.S.C. § 2255 MOTION AND THE GOVERNMENT'S POSITION**

Defendant seeks to vacate his sentence pursuant to § 2255 on the grounds of *United States v. Simmons*, 649 F.3d 327 (4th Cir. Aug. 17, 2011)(en banc) and its interpretation of *Carachuri-Rosendo v. Holder*, 130 S.Ct 2577 (2010) and *United States v. Rodriquez*, 533 U.S. 377 (2008) [Doc. 204]. The Government construes Hinson's claim as one based not on *Simmons*, which is a Fourth Circuit case and not controlling in this district, but on *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008). The Sixth Circuit in *Pruitt* interpreted the North Carolina sentencing statutes to require examining each defendant's prior record to determine if that particular prior North Carolina crime was punishable by more than one year of imprisonment. *Id.* at 424. If it were not punishable by more than a year of imprisonment, then it could not be used to enhance a defendant's sentence under 21 U.S.C. § 841(b)(1)(A).

3

But *Pruitt* was a 2008 decision. As the Government notes, Hinson did not file his § 2255 motion until August 16, 2012, years after the § 2255 one-year statute of limitations had expired. Hinson's § 2255 motion, accordingly, is subject to dismissal based on that ground alone. However, in its response, the Government affirmatively waived its reliance on § 2255's statute of limitations based on the "interests of justice as to this particular case" [Doc. 217, at p. 4].

Addressing the merits of Hinson's claims, the Government concedes that Hinson has a cognizable claim for § 2255 relief under *Pruitt*. As noted, *Pruitt* requires sentencing courts to examine the particular individual defendant's prior criminal history to determine whether his prior drug conviction is considered a felony for purposes of enhancing his sentence. The Government has conducted that review and has determined that "[i]n [Hinson's] case, the attached conviction records show that his North Carolina prior record level of I only exposed him to a maximum potential sentence of eight months' imprisonment for his 2004 drug conviction" [Doc. 217, at p. 5] citing N.C. Gen. Stat. § 15A-1340.17(authorizing a maximum of eight months' imprisonment). Thus, Hinson's prior drug conviction, used initially to enhance his sentence, is no longer considered a "felony drug offense" for sentencing enhancement purposes under 21 U.S.C. § 841(b)(1)(A).

In other words, had Hinson pled guilty after *Pruitt* was decided he would not be exposed to the enhanced punishment because he would not have a prior felony drug conviction. But Hinson pled guilty on May 5, 2003, prior to the ruling in *Pruitt* in October 2008. The issue then is whether *Pruitt* applies retroactively to Hinson. The Government insists that it does.

4

For *Pruitt* to have retroactive application, it must be both a new rule and apply retroactively on collateral review. *Teague v. Lane*, 489 U.S. 288, 310 (1989). Under *Teague,* "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government [or] ... if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague,* 489 U.S. at 301, 109 S.Ct. 1060 (citations omitted). The Government argues that *Pruitt* was a new rule because it refused to follow Fourth Circuit precedent which had addressed the issue. In *Pruitt,* the Sixth Circuit adopted a different rule for determining whether North Carolina convictions qualified as predicate felonies for sentencing enhancement purposes based on the United States Supreme Court decision in *United States v. Rodriquez*, 553 U.S. 377 (2008).

The Government also argues that it applies retroactively because it caused a substantive change in the law. Substantive rules generally "apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal' or faces a punishment that the law cannot impose on him." *In re Mazzio*, 756 F.3d 487, 490 (6th Cir. 2014) quoting *Schriro v. Summerlin,* 542 U.S. 348, 353 (2004) (citations omitted). The Government notes that this change "alter[ed] … the class of persons that the law punishes" [Doc. 217 at p. 6] quoting *Schriro,* 542 U.S. at 353; *see also Miller v. United States*, 735 F.3d 141, 145-46 (4th Cir. 2013)(holding that the rule in *Simmons* was substantive and thus retroactively applicable to cases on collateral review).

Although the Government concedes the retroactive application of *Pruitt,* it claims that Hinson is not entitled to any remedy under *Pruitt*. The four potential remedies

5

available to the Court are (1) discharge the prisoner, (2) resentence him, (3) grant a new trial, or (4) correct the sentence. 28 U.S.C. § 2255(b). The Government claims that Hinson's Guideline Range, with the benefit of *Pruitt,* would be 210 to 262 months' imprisonment [Doc. 217 at p. 7] citing PSR at ¶ 58. Because Hinson would have most likely been sentenced within that guideline range, and then received a reduction for substantial assistance, his sentence would not have been any different than what he initially received. It notes that Hinson was released from custody on July 3, 2014 and "recommends that this Court deny petitioner's § 2255 motion as moot" [Doc. 217 at p. 7].

Hinson agrees that the issue of lowering his term of imprisonment is a moot issue [Doc. 222 at p. 1]. However, Hinson argues that that alone does not render his § 2255 motion moot because (1) he filed his § 2255 motion while in custody and (2) he remains under a period of supervised release of ten years. Hinson argues that the ten-year period of supervised release was based on an enhanced sentence. Without the enhancement, he faced five years of supervised release, not 10 years.

### III. LAW AND ANALYSIS

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors constituting "fundamental defect[s] which inherently result[] in a

complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348–49, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)); see also *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

The Government concedes Hinson has a cognizable claim under § 2255 but insists his claim is moot. As a general matter, the Court finds that Hinson's § 2255 motion is not moot even though he has been released from the physical custody of BOP. Hinson is still "in custody" for purposes of § 2255 because he is serving a term of supervised release. *See United States v. Zack,* 173 F.3d 431 (6th Cir. 1999)(Table) citing *United States v. Brown,* 117 F.3d 471, 475 (11th Cir.1997), and *United States v. Essig,* 10 F.3d 968, 970 n. 3 (3d Cir.1993). As Hinson concedes, however, his § 2255 motion regarding lowering his term of imprisonment has been rendered moot with his release from BOP custody. *See Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief")(citations omitted). The Court is unable to grant Hinson any relief from incarceration as he is not incarcerated.

Addressing the merits of his supervised release issue, the Court finds Hinson was initially sentenced to a term of 10 years supervised release [Doc. 128, Courtroom Minutes; Doc. 129, *Judgment*]. This was based on the provisions of 21 U.S.C. § 841(b)(1)(A) that provides for a 10 year term of supervised release for those defendants with a prior felony drug conviction. The Government now concedes that Hinson's prior North Carolina conviction is not "such a prior conviction" for which Hinson could receive the enhanced term of supervised release. See 21 U.S.C. § 841(b)(1)(A)("any

7

sentence … shall, if there was a such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment"). Hinson's 10 year term of supervised release appears to be "a punishment that the law cannot impose on him." *In re Mazzio*, 756 F.3d at 490.

Accordingly, the Court finds Hinson is entitled to a modification of his sentence as it relates to the term of supervised release only. The Court has carefully considered Hinson's claim in his § 2255 motion and the arguments of counsel. In view of the Government's waiver of any objections under the particular facts and circumstances of this case, and its affirmative waiver of the statute of limitations defense, the Court will GRANT Hinson's § 2255 motion IN PART and will enter an order amending the judgment to reflect a term of supervised release of five years beginning from the date of his release from BOP custody.[4]

A separate judgment SHALL enter.

SO ORDERED.

                                                s/Leon Jordan  
                                                UNITED STATES DISTRICT JUDGE

---

[4] See 18 U.S.C. § 3583(b)(For Class A or B felonies "except as otherwise provided, the authorized term[] of supervised release … [is] not more than five years").